# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MOLYCORP, INC., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-11357 (CSS)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOLYCORP, INC., *et al.*, for and on behalf of the bankruptcy estates of the Debtors,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, L.P., OCM MLYCO CTB LTD., OCM MLYCO PT, LLC, GEOFFREY R. BEDFORD, MICHAEL F. DOOLAN, JAMES S. ALLEN, CONSTANTINE E. KARAYANNOPOULOS, RUSSELL D. BALL, BRIAN T. DOLAN, JOHN GRAELL MOORE, CHARLES R. HENRY, JAMES J. JACKSON, MARK S. KRISTOFF, ALEC MACHIELS, DR. MICHAEL SCHWARZKOPF, JOHAN DEJANS, LIZA HARRIDYAL-SODHA, KEVIN W. JOHNSON, MARJOLEINE VAN OORT, SHANNON Y. SONG, and WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>　　　　　　　Defendants. | Adv. Pro. No. 16-50005 (CSS) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
## NOTICE OF SUBPOENA OF DAVIDSON KEMPNER CAPITAL MANAGEMENT

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure (made applicable to the above-captioned chapter 11 cases by Rule 9016 of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors hereby gives notice that a subpoena in the form attached hereto as <u>Exhibit A</u> is being served upon Davidson Kempner Capital Management today or as soon thereafter as service can be made.

{01079751;v1 }

| | |
|---|---|
| Dated: January 19, 2016 | **ASHBY & GEDDES** |
| | */s/ Gregory A. Taylor* |
| | William P. Bowden, Esq. (#2553)<br>Gregory A. Taylor, Esq. (#4008)<br>Stacy L. Newman, Esq. (#5044)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| | -and- |
| | **PAUL HASTINGS LLP**<br>Luc A. Despins, Esq.<br>Kevin Logue, Esq.<br>James Worthington, Esq.<br>Marc Carmel, Esq.<br>75 East 55th Street<br>New York, NY 10022<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090 |
| | *Co-Counsel for the Official Committee of Unsecured Creditors* |

# Exhibit A

**(Subpoena)**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the District of Delaware

In re Molycorp, Inc. et al.
_____
Debtor

Case No. 15-11357

*(Complete if issued in an adversary proceeding)*

Offc'l Committee of Unsecured Creditors  Chapter 11
_____
Plaintiff

v.

Oaktree Capital Management, L.P, et al.    Adv. Proc. No. 16-50005
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Davidson Kempner Capital Management, L.P.
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE    Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, PO Box 1150 Wilmington, DE 19899 | DATE AND TIME February 5, 2016 at 4:00 p.m. (ET) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/19/2016

                    CLERK OF COURT

                            OR

_____    Benjamin W. Keenan (#4724)
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benjamin W. Keenan    , who issues or requests this subpoena, are:
Ashby & Geddes, P.A., P.O. Box 1150 Wilmington, DE 19899

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 16-50005-CSS    Doc 6    Filed 01/19/16    Page 6 of 16

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MOLYCORP, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 15-11357 (CSS)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOLYCORP, INC., *et al.*, for and on behalf of the bankruptcy estates of the Debtors,<br><br>        Plaintiff,<br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, L.P., OCM MLYCO CTB LTD., OCM MLYCO PT, LLC, GEOFFREY R. BEDFORD, MICHAEL F. DOOLAN, JAMES S. ALLEN, CONSTANTINE E. KARAYANNOPOULOS, RUSSELL D. BALL, BRIAN T. DOLAN, JOHN GRAELL MOORE, CHARLES R. HENRY, JAMES J. JACKSON, MARK S. KRISTOFF, ALEC MACHIELS, DR. MICHAEL SCHWARZKOPF, JOHAN DEJANS, LIZA HARRIDYAL-SODHA, KEVIN W. JOHNSON, MARJOLEINE VAN OORT, SHANNON Y. SONG, and WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>        Defendants. | Adv. Pro. No. 16-50005 |

---

[1] The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845). Molycorp's United States headquarters is located at 5619 DTC Parkway, Suite 1000, Greenwood Village, Colorado 80111.

# THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DOCUMENT REQUESTS DIRECTED TO DAVIDSON KEMPNER PURSUANT TO RULES 7026, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

## I. INSTRUCTIONS

1. Any Documents previously produced to or made available to the Committee by any party (including through the data room maintained by Debtors) do not need to be produced in response to these Document Requests but Your responses to these Document requests must identify any such Documents relied upon by You in Your responses.

2. Documents shall be produced as soon as practicable, and no later than February 5, 2016, at Ashby & Geddes, P.A., 500 Delaware Avenue, Wilmington Delaware, P.O. Box 1150.

3. Each Document request must be responded to separately and specifically. Each Document request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below. If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Document requests.

4. The Documents that You produce must be organized and labeled to correspond with a particular Document request.

5. Each Document request operates and should be construed independently and, unless otherwise indicated, no Document request limits the scope of any other Document request.

6. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Document requests. The method of production of each category is to be identified at the time of production.

7. Each Document request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel. A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You— (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Each Document shall be produced in its entirety.

8. If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document— (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

9. If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the

reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

10. If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state— (i) a description of the Document that You would consider adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

11. If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must— (i) describe in detail the nature of the document and its contents, identify the person(s) who prepare or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce

the requested Document (*e.g.*, lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

12. The Document requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Document requests.

## II.  RULES OF CONSTRUCTION

1. The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

2. The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.  DEFINITIONS

1. "Davidson Kempner" means Davidson Kempner Capital Management and each of its subsidiaries and affiliates.

2. "Committee" shall mean the Official Committee of Unsecured Creditors of Molycorp, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases.

3. "Communications" means the transmittal of any information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, electronic email

exchanges, text messages, instant messages, chat room posts, Bloomberg messages/emails, telegraphic and telex communications, or transmittals of Documents. The term "Communications" is not limited to internal Communications but includes Communications between You and third parties and Communications between or among third parties.

4. "Concerning", "regarding" or "relating to" shall expansively mean, directly or indirectly, referring to, reflecting, concerning, embodying, regarding, mentioning, analyzing, describing, pertaining to, relating to, arising out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

5. "Documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall mean all written, graphic, or printed matter of any kind, however produced or reproduced including, without limitation, originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained, or translated, if necessary, by the responding party or others through detection devices into reasonable usable form. Documents shall include (but are not limited to): letters, correspondence, notes, films, transcripts, telegrams, teletype messages, contracts and agreements, proposals, licenses, memoranda, recordings, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, notes (including interoffice memoranda, notations on other documents, jottings, diary entries, desk calendar entries, expense accounts, recorded recollections, dictations, and any other form of notation of events or intentions), minutes and resolutions (including all attachments and exhibits thereto), agendas, expressions or statements of policy, attendance lists, reports, rules, regulations, directions,

Communications, interoffice Communications, financial statements, tax returns, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, invoices, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints, plans, writings, drawings, graphs, charts, spreadsheets, models, powerpoint decks, slides, presentations, databases, photographs, phonograph records, tapes, and compact discs (whether storing audio, video, or computer data), other data complications from which information may be obtained (whether translation is required or not), desk calendars, appointment books, diaries, time sheets, logs, movies, films, recordings, electronic mail, internet or intranet Communications, reports and/or summaries of negotiations, proposals, computer punch cards, or material similar to any of the foregoing, however denominated.

6. "Draft" includes both final and any preliminary or intermediate drafts.

7. "Including" shall mean "including, without limitation" and "including, but not limited to."

8. "Individual Defendant" means any of Geoffrey R. Bedford, Michael F. Doolan, James S. Allen, Constantine E. Karayannopoulos, Russell D. Ball, Brian T. Dolan, John Graell Moore, Charles R. Henry, James J. Jackson, Mark S. Kristoff, Alec Machiels, Dr. Michael Schwarzkopf, Johan Dejans, Liza Harridyal-Sodha, Kevin W. Johnson, Marjoleine Van Oort, or Shannon Y. Song.

9. "Make whole" means any provision allowing a lender to seek a fee or payment(s) in the event of default by the borrower.

10. "McKinsey" means McKinsey & Company and each of its subsidiaries and affiliates.

11. "Miller Buckfire" means Miller Buckfire & Co. and each of its subsidiaries and affiliates.

12. "Moelis" means Moelis & Company and each of its subsidiaries and affiliates.

13. "Molymet" means Molibdenos y Metales S.A. and each of its subsidiaries and affiliates.

14. "Molycorp" means Molycorp, Inc. and each of its direct and indirect debtor and non-debtor subsidiaries.

15. "Mountain Pass" means Molycorp's Mountain Pass Rare Earth Facility in San Bernardino County, California.

16. "Oaktree" means Oaktree Capital Management, L.P., each of its subsidiaries and affiliates, and all funds managed by Oaktree Capital Management, L.P., including, without limitation, OCM.

17. "Oaktree Transactions" means the Sale/Leaseback Transaction and the transactions entered into between Molycorp, Inc., Magnequench, Inc., and certain of their affiliates, and OCM, on September 11, 2014, pursuant to those certain agreements, documents, and instruments, including, without limitation, the Credit Agreement, dated as of September 11, 2014, by and among Molycorp, as borrower, OCM MLYCo CTB Ltd. in its capacity as administrative and collateral agent, and certain parties that are lenders under such Credit Agreement, and all other related agreements, documents, and instruments; and the Credit Agreement, dated as of September 11, 2014, by and among Magnequench, Inc., as borrower, OCM MLYCo CTB Ltd. in its capacity as administrative and collateral agent, and certain parties that are lenders under such Credit Agreement, and all other related agreements, documents.

18. "OCM" means OCM MLYCo CTB Ltd.

19. "OID" means "original issue discount."

20. "Sale/Leaseback Transaction" means the purchase and sale and equipment lease agreements, documents, and instruments entered into between Molycorp Minerals, LLC and OCM on or about September 11, 2014, to effectuate the sale or the lease of such equipment.

21. "You" or "Your" shall mean Davidson Kempner, as well as its current and former officers, directors, attorneys, agents, accountants, employees, representatives, financial advisors, or any other Person acting or purporting to act on Davidson Kempner's behalf, and each of their predecessors and successors.

## IV.   TIME PERIOD

Unless otherwise specified, this Document Request relates to the period commencing January 1, 2014 and continuing through the date hereof.

## V.   REQUESTS FOR DOCUMENTS

1. All presentations, advice, recommendations or other Documents provided to Molycorp (or any advisor to Molycorp, including without limitation Moelis or Miller Buckfire) concerning actual or potential Molycorp financing or restructuring options.

2. All analyses of actual or potential Molycorp financing or restructuring options, including without limitation any analyses of Molycorp's solvency.

3. All Communications with any Molycorp officers/directors (including, without limitation, Constantine Karayannopoulos, Geoffrey Bedford, Michael Doolan, Brian Blackman, James Allen, Amanda Hodgson or Anne Ang) concerning actual or potential Molycorp financing or restructuring options.

4. All Communications concerning Molycorp with any Moelis employee, including, without limitation, Michael Senft or Carlo Girolamo.

Dated: January 19, 2016

ASHBY & GEDDES

/s/ *Gregory A. Taylor*

William P. Bowden, Esq. (#2553)
Gregory A. Taylor, Esq. (#4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: wbowden@ashby-geddes.com
Email: gtaylor@ashby-geddes.com

*Co-Counsel to the Official Committee of Unsecured Creditors*