UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MOLYCORP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11357 (CSS)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOLYCORP, INC., *et al.*, for and on behalf of the bankruptcy estates of the Debtors,<br><br>Plaintiff,<br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, L.P., OCM MLYCO CTB LTD., OCM MLYCO PT, LLC, GEOFFREY R. BEDFORD, MICHAEL F. DOOLAN, JAMES S. ALLEN, CONSTANTINE E. KARAYANNOPOULOS, RUSSELL D. BALL, BRIAN T. DOLAN, JOHN GRAELL MOORE, CHARLES R. HENRY, JAMES J. JACKSON, MARK S. KRISTOFF, ALEC MACHIELS, DR. MICHAEL SCHWARZKOPF, JOHAN DEJANS, LIZA HARRIDYAL-SODHA, KEVIN W. JOHNSON, MARJOLEINE VAN OORT, SHANNON Y. SONG, and WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>Defendants. | Adv. Pro. No. 16-50005 (CSS) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**NOTICE OF SUBPOENA OF MOLYCORP, INC.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure (made applicable to the above-captioned chapter 11 cases by Rule 9016 of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors hereby gives

{01080020;v1 }

notice that a subpoena in the form attached hereto as Exhibit A was served upon Molycorp, Inc. on January 19, 2016.[1]

Dated: January 21, 2016

**ASHBY & GEDDES**

/s/ Gregory A. Taylor
_____
William P. Bowden, Esq. (#2553)
Gregory A. Taylor, Esq. (#4008)
Stacy L. Newman, Esq. (#5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

**PAUL HASTINGS LLP**
Luc A. Despins, Esq.
Kevin Logue, Esq.
James Worthington, Esq.
Marc Carmel, Esq.
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Co-Counsel for the Official Committee of Unsecured Creditors*

---

[1] The Committee's request for production of documents has been omitted from this filing on account of certain confidential information reflected therein that is subject to the Protective Order [Docket No. 182]. A copy of the Committee's request for production of documents may be requested from Committee counsel and, if necessary, subject to the execution of an appropriate confidentiality agreement.

# Exhibit A

**(Subpoena)**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of ____Delaware____

In re __Molycorp, Inc. et al.__
Debtor

Case No. __15-11357 (CSS)__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

__Official Committee of Unsecured Creditors__
Plaintiff

v.

__Oaktree Capital Management, L.P. et al.__
Defendant

Adv. Proc. No. __16-50005__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Molycorp, Inc.__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP, 75 East 55th Street, New York, NY 10022 | 02/05/16    5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __01/19/16__

CLERK OF COURT

OR  /s/ [signature]

_Signature of Clerk or Deputy Clerk_      _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Committee _____, who issues or requests this subpoena, are:
James B. Worthington, 75 East 55th Street, New York, NY 10022, (212) 318-6416, jamesworthington@paulhastings.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **CERTIFICATE OF SERVICE**

I, Gregory A. Taylor, hereby certify that on January 21, 2016, I caused one copy of the foregoing document to be served upon the parties on the attached service list via first class mail, unless otherwise indicated.

/s/ *Gregory A. Taylor*
———————————————
Gregory A. Taylor (DE #4008)

Oaktree Capital Management, L.P. (organized in Delaware)
OCM MLYCO CTB Ltd. (organized in Cayman Islands)
OCM MLYCO PT, LLC (organized in Delaware)
c/o MILBANK TWEED HADLEY & McCLOY LLP
Dennis F. Dunne
Samuel A. Khalil
Lauren C. Doyle
28 Liberty Street
New York, NY 10005

Oaktree Capital Management, L.P. (organized in Delaware)
OCM MLYCO CTB Ltd. (organized in Cayman Islands)
OCM MLYCO PT, LLC (organized in Delaware)
c/o MILBANK TWEED HADLEY & McCLOY LLP
Andrew M. Leblanc
1850 K Street, NW, Suite 1100
Washington, DC 20006

Oaktree Capital Management, L.P. (organized in Delaware)
OCM MLYCO CTB Ltd. (organized in Cayman Islands)
OCM MLYCO PT, LLC (organized in Delaware)
c/o MORRIS NICHOLS ARSHT & TUNNELL LLP
Robert J. Dehney
Gregory W. Werkheiser
Andrew R. Remming
1201 North Market Street, Suite 1600
Wilmington, DE 19801

Geoffrey R. Bedford
c/o Molycorp Inc.
5619 DTC Parkway, Suite 1000
Greenwood Village, CO 80111

Geoffrey R. Bedford
c/o Molycorp Inc.
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

Michael F. Doolan
c/o Molycorp Inc.
5619 DTC Parkway, Suite 1000
Greenwood Village, CO 80111

Michael F. Doolan
c/o Molycorp Inc.
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

James S. Allen
c/o Molycorp Inc.
5619 DTC Parkway, Suite 1000
Greenwood Village, CO 80111

| | |
|---|---|
| James S. Allen<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Constantine E. Karayannopoulos<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 |
| Constantine E. Karayannopoulos<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Russell D. Ball<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 |
| Russell D. Ball<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Brian T. Dolan<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 |
| Brian T. Dolan<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | John Graell Moore<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |

| | |
|---|---|
| Charles R. Henry<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 | Charles R. Henry<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |
| James J. Jackson<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 | James J. Jackson<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |
| Mark S. Kristoff<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 | Mark S. Kristoff<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |
| Alec Machiels<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 | Alec Machiels<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 |

| | |
|---|---|
| Dr. Michael Shwarzkopf<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Kevin W. Johnson<br>c/o Molycorp Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 |
| Kevin W. Johnson<br>c/o Molycorp Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Shannon Y. Song<br>c/o Molycorp Inc. and Magnequench Inc.<br>5619 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111 |
| Shannon Y. Song<br>c/o Magnequench Inc.<br>Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington DE 19801 | Wells Fargo Bank, N.A.<br>c/o REED SMITH LLP<br>Eric A. Schaffer<br>Luke A. Sizemore<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| Wells Fargo Bank, N.A.<br>c/o REED SMITH LLP<br>REED SMITH LLP<br>Kurt F. Gwynne<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE 19801 | JONES DAY<br>Lisa G. Laukitis<br>Paul Leake<br>222 East 41st Street<br>New York, NY 10017 |

{1078932;v1 }

| | |
|---|---|
| JONES DAY<br>Robert W. Hamilton<br>325 John H. McConnell Boulevard<br>Suite 600<br>Columbus, OH 43215 | JONES DAY<br>Ryan T. Routh<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190 |
| JONES DAY<br>Joseph T. Tiller<br>77 West Wacker<br>Chicago, IL 60601-1692 | YOUNG CONAWAY STARGATT & TAYLOR<br>M. Blake Cleary<br>Ashley E. Jacobs<br>Edmon L. Morton<br>Justin H. Rucki<br>1000 North King Street<br>Wilmington, DE 19801 |
| Liza Harridyal-Sodha<br>c/o Liza Harridyal-Sodha & Associates Inc.<br>The Savannah Business<br>Suite 130 Hastings<br>Christ Church<br>Barbados | Liza Harridyal-Sodha<br>c\o Harridyal-Sodha & Assoc.<br>The Grove, 21 Pine Road<br>Belleville, St. Michael<br>Barbados |
| Marjoleine Van Oort<br>c/o Molycorp Luxembourg Holdings S.à r.l.<br>13-15, avenue de la Liberté,<br>L-1931 Luxembourg | Johan Dejans<br>c/o Molycorp Luxembourg Holdings S.à r.l.<br>13-15, avenue de la Liberté,<br>L-1931 Luxembourg |

{1078932;v1 }

| | |
|---|---|
| Michael F. Doolan<br>c/o Molycorp Minerals Canada ULC<br>121 King Street West, #1740<br>Toronto, ON  M5H 3T9<br>Canada | Geoffrey Bedford<br>c/o Molycorp Minerals Canada ULC<br>121 King Street West, #1740<br>Toronto, ON  M5H 3T9<br>Canada |

{1078932;v1 }